

FILED
10:06 am, 7/19/17
U.S. Magistrate Judge

# United States District Court

## For The District of Wyoming

ROGELIO RODRIGUEZ, JR.,

    Plaintiff,

vs.

PARK COUNTY DETENTION
CENTER, et al.,

    Defendants.

Civil No. 17-CV-14-S

## ORDER DENYING DEFENDANTS' MOTION TO STRIKE [DOC. 44]

Defendants request this Court strike Plaintiff's various letters, grievances, supplements, notices, and other documents [Docs. 44, 47, 57, and 58]. Defendants contend such filings are not permitted under the rules. [Doc. 44]. Plaintiff failed to respond to Defendants' request. Despite Plaintiff's failure to respond, the Court exercises its discretion and denies Defendants' request.

This case originally comes before the Court on *pro se* Plaintiff's prisoner civil rights complaints filed pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, and various *Bivens* claims. All total, he has filed three separate complaints in two cases in pursuit of these various claims [Doc. 1, 17-cv-14-S; Docs. 1 and 28, 17-cv-23-S]. The two cases are consolidated [Doc. 7].

Plaintiff is an inmate in the Park County Detention Center in Cody, Wyoming. He claims various staff members of the Park County Detention Center either failed to act or

acted in such a way as to violate his civil rights. *Id.* Defendants have filed Motions to Dismiss all of Plaintiff's claims [Docs. 42 and 45]. Those Motions are currently pending before the Court.

In the instant Motions, Defendants request the Court strike Plaintiff's various letters, grievances, supplements, notices, and other documents [Docs. 44, 47, 57, and 58]. They argue Plaintiff's numerous "ancillary" filings are not permitted under the Local Rules for the District of Wyoming or under the Federal Rules of Civil Procedure. Defendants further argue the filed documents are evidentiary in nature. Thus, they argue, Defendants should be afforded an opportunity to properly object to their admissibility and evidentiary value under the Federal Rules of Evidence. [Doc. 44 at 3].

Defendants correctly refer to Rule 7 of the Civil Rules of Federal Procedure specifically which identifies the various pleadings, motions and other papers which may be filed in a case. Moreover, Local Rule 7.1 provides further guidance on the practice of filing motions in the District of Wyoming. It is true the Court may strike filings that are not expressly provided for by local rule. *See Ysais v. New Mexico, Judicial Standard Commission*, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009). Equally true, however, is that the Court may utilize its broad discretion to consider *pro se* litigants papers to "raise the strongest arguments they suggest." *See Haber v. ASN 50th St. LLC*, 847 F. Supp. 2d 578, 584 (S.D.N.Y. 2012). Also, in the context of a Rule 12(b)(6) motion, "[c]ourts have broad discretion in determining whether or not to accept materials beyond the pleadings." *Lowe v. Town of Fairland, Okla.,* 143 F.3d 1378, 1381 (10th Cir. 1998).

Here, while Plaintiff's filings arguably lack a proper nexus to the claims and Motions pending before the Court, his lack of sophistication and knowledge of the law should not, at this early stage of the litigation, prevent the Court from separating the wheat from the chaff. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (documents filed by *pro se* litigants to be liberally construed). The Court, on its own, will afford the proper weight and consideration of these filings. In doing so, the Court will carefully consider the evidentiary objections raised by Defendants when resolving Defendants' Motions to Dismiss. Accordingly, Defendants' Motions to Strike are denied.

NOW, THEREFORE, IT IS ORDERED Defendants' Motions to Strike [Docs. 44, 47, 57, and 58] are DENIED.

Dated this 19th day of July, 2017.

_____
Kelly H. Rankin
U.S. Magistrate Judge